# In the United States Court of Federal Claims

No. 12-520C
(Filed: August 20, 2012)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| TRUMAN SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**OPINION DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION**

Mr. Truman Scott filed his complaint in this court on August 16, 2012 as a pro se plaintiff.[1] Mr. Scott's complaint indicates that he was indicted on September 22, 1998 in federal court in Wilmington, North Carolina, and that he is currently incarcerated in federal prison. His complaint alleges several due process violations against the federal government, including an allegation that there is no record of his indictment, that the warrant issued for his arrest was contrary to law, that the transcripts pertaining to his indictment have been altered, that the relevant court has denied him access to the court's transcripts, that the federal courts have refused to hear a habeas corpus motion and petition filed by Mr. Scott, and that his case has been generally mishandled.

The court must first determine whether it possesses jurisdiction over Mr. Scott's complaint. Whether the court possesses jurisdiction to decide the merits of a case is a threshold matter the court must decide. See PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1364 (Fed. Cir. 2007) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)). Jurisdiction is a threshold matter because a case cannot proceed if a court

---

[1] Mr. Scott applied for leave to proceed in forma pauperis on August 16, 2012. This application is **GRANTED** for the purpose of filing the complaint.

lacks jurisdiction to hear it.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)).

When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that "the allegations stated in the complaint are . . . true." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (quoting Shearin v. United States, 992 F.2d 1195, 1195-96 (Fed. Cir. 1993)).  A pro se plaintiff, such as Mr. Scott, is entitled to a liberal construction of the pleadings.  See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, a pro se plaintiff must still satisfy the court's jurisdictional requirements.  Bernard v. United States, 59 Fed. Cl. 497, 499 (2004) ("This latitude, however, does not relieve a pro se plaintiff from meeting jurisdictional requirements."), aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

The burden is on Mr. Scott to establish that this court has jurisdiction to hear his complaint.  See M. Maropakis Carpentry, Inc. v. United States, 609 F.3d 1323, 1327 (Fed. Cir. 2010) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).  If Mr. Scott cannot establish jurisdiction, his complaint must be dismissed under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims. This rule states that if the court at any time finds it lacks subject matter jurisdiction over the claims before it, the court must dismiss the action.  Id.

Turning to this case, Mr. Scott's complaint describes allegations against the federal government that amount to due process claims connected to his indictment and eventual conviction, as well as his habeas corpus motion and petition.  It is well-settled law that the Court of Federal Claims does not have jurisdiction over due process claims under the Due Process Clauses of the Fifth or Fourteenth Amendments.  James v. Caldera, 159 F.3d 573, 581 (Fed. Cir. 1998) (holding that this court lacks jurisdiction over Fifth Amendment Due Process Clause claims) (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Fifth and Fourteenth Amendment Due Process Clauses are not sufficient bases for jurisdiction in the Court of Federal Claims)). Therefore, to the extent that Mr. Scott's allegations are based on the Due Process Clauses, his claims must be dismissed.

Furthermore, to the extent Mr. Scott requests that the court review decisions of other courts relating to the proceedings before those courts, to issue a writ of habeas corpus, or to review his conviction or the denial of his habeas motion or petition, this court does not have jurisdiction over those claims.  See Ledford v. United States, 297 F.3d 1378, 1381 (Fed. Cir. 2002) (stating that the Court of Federal Claims is not empowered to grant a writ of habeas corpus); Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) (holding that the Court of Federal Claims cannot review the decisions of other courts relating to proceedings before those courts); Dethlefs v. United States, 60 Fed. Cl. 810, 814 (2004) (holding that the Court of Federal Claims does not have

2

"authority to review and overturn convictions entered by a court of competent jurisdiction.").

Finally, to the extent that Mr. Scott's claims could be construed to be based on the unjust conviction statutes codified at 28 U.S.C. §§ 1495 and 2513, Mr. Scott's claims still must be dismissed. The unjust conviction statutes are very limited in their reach and have several requirements with which Mr. Scott must strictly comply in order to recover any relief. See Dethlefs, 60 Fed. Cl. at 814. Mr. Scott has failed to comply with the most fundamental requirement under the statutes because he has not produced a pardon or a certificate from a court setting aside his conviction on the grounds of innocence and unjust conviction. See 28 U.S.C. § 2513(a), (b). Rather, Mr. Scott's complaint indicates that he is currently incarcerated. Therefore, the unjust conviction statutes cannot serve as a basis for Mr. Scott's claims.

In sum, Mr. Scott has failed to establish jurisdiction in this court. Therefore, Mr. Scott's claims must be dismissed under Rule 12(h)(3) of the Rules of the Court of Federal Claims.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

3